IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER IRONSIDE et al., | No. CV 09-3510 CRB |
| Plaintiff, | **ORDER GRANTING MOTION TO DISMISS** |
| v. | |
| AURORA LOAN SERVICES et al., | |
| Defendant. | |

Now before this Court are Defendants motions to dismiss. Plaintiffs in their complaint seek rescission of their mortgage agreement under the Truth in Lending Act ("TILA"), but they do so almost three years after the loan was extended. While TILA extends the limitation period for such an action in some circumstances, Plaintiffs' allegations do not establish that the period is extended in this case. The claim is therefore untimely, and is therefore DISMISSED. The sole remaining claim is a state claim, and this Court declines to exercise supplemental jurisdiction. That claim is therefore REMANDED to state court.

## BACKGROUND

Plaintiffs entered into a mortgage agreement with Defendant Homecomings Financial Network, brokered by Defendant CMF, on August 1, 2006. Plaintiffs allege that Defendants never disclosed to them that the mortgage they had obtained could potentially negatively amortize. Plaintiffs further claim that TILA requires that such a fact be conspicuously

disclosed on the TILA Disclosure Statement.  Compl. ¶ 19.

The loan in question was later purchased by Defendant Aurora.  <u>Id.</u> ¶ 19.

Plaintiffs assert a cause of action for rescission under TILA and a claim for unfair business practices under California Business & Professional Code § 17200.

## DISCUSSION

The moving defendants make a number of arguments, but the statute of limitations is dispositive.  Generally, TILA provides that borrowers have three business days following the consumption of a loan transaction to rescind the transaction.  15 U.S.C. § 1635.  This right of rescission is extended to three years after consummation of the loan if the lender (1) fails to provide notice of the right to rescind, or (2) fails to make a material disclosure.  12 C.F.R. § 226.23(a)(3).  Plaintiffs, in order to establish their right to the extended right-of-rescission period, argue that by failing to disclose the possibility of negative amortization, defendants failed to make a material disclosure.  However, as a matter of law, such a failure to disclose is not "material."  Title 12, section 226.23(a)(3) n. 48 of the C.F.R. provides that the term "material disclosures" means disclosures of "annual percentage rate, the finance charge, the amount financed, the total payments, the payment schedule, and the disclosures and limitations referred to in § 226.32(c) and (d)."  The commentary to this regulation states that only one of the required disclosures regarding variable-rate loans – namely, that the transaction contains a variable-rate feature – is considered "material."  "Failure to give the other required disclosures does not prevent the running of the rescission period, although that failure may result in civil liability or administrative sanctions."  12 C.F.R. Pt. 226, Supp. I ¶ 23(a)(3)-2.  Therefore, according to the allegations in Plaintiffs' complaint, their right to rescind the mortgage expired three business days after the loan was consummated, long before they provided notice.  The claim is not timely and must be dismissed.  <u>See</u> <u>Reagen v. Aurora Loan Services, Inc. et al.</u>, No. 09-839, 2009 WL 3789997, at \*8-\*9 (E.D. Cal. Nov. 10, 2009).

The only remaining claim is a state claim.  Because plaintiffs are residents of California, as is Defendant California Mortgage Fund, Inc., there is no diversity jurisdiction.

1  Because this case remains at an early stage, this Court elects not to exercise supplemental
2  jurisdiction over the remaining claim.  Therefore, that claim is dismissed.

### CONCLUSION

4      For the foregoing reasons, Defendant Aurora's and Defendant Homecomings' motions
5  to dismiss are hereby GRANTED as to the TILA claim.  Because there is no reason to
6  believe an amendment would alter the undisputed timeline of events, the dismissal is with
7  prejudice.  As to the remaining state claim, it is dismissed for lack of subject matter
8  jurisdiction.

9  **IT IS SO ORDERED.**

12  Dated: December 21, 2009     CHARLES R. BREYER
                                              UNITED STATES DISTRICT JUDGE